IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**AGRICULTURAL SERVICES AND
INVESTMENTS, INC., f/k/a F&W
AGRISERVICES, INC.,**

    **Plaintiff/Counter-Defendant,**

vs.                                                                 5:02-CV-080-SPM

**BAGGETT BROTHERS FARM, INC.,**
*et al.*,

    **Defendants/Counter-Claimants.**
_____/

ORDER REOPENING CASE AND AMENDING JUDGMENT

**THIS CAUSE** comes before the Court upon "Plaintiff's Motion for Relief From Orders" (doc. 130) filed February 28, 2005, in which Plaintiff asks this Court to reconsider its order denying a previous motion to reopen the case based on lack of jurisdiction. For the reasons set forth below, the Court finds the motion must be granted and the judgment amended.

**BACKGROUND:**

On March 31, 2004, this Court entered judgment for Plaintiff on all issues, ordering that

> [t]he Defendant BBFI is liable for debts incurred based on the series of loans F&W Agriservices provided the corporation from April 11, 1997 through March 10, 2001, including all interest derived therefrom; that BBFI's corporate veil must be pierced to properly compensate the Plaintiff; that the Lease Agreement is a nullity and consequently unenforceable; and that the Security Agreement signed on February 5, 1998 must be foreclosed, with the Plaintiff retaining a security interest in the collateral outlined therein. Costs are allowed as provided by law.

*See* Judgment (doc. 111) filed March 31, 2004. Consequently, Plaintiff filed a motion (doc. 112) for attorney fees and for clarification of certain aspects of the judgment, as well as a bill of costs (doc. 117). Although Defendants commenced the appeal process shortly afterward, the parties entered into settlement negotiations after the final judgment was entered. Defendant Ada Mae Baggett, of her own accord, filed a "Notice of Oral Settlement" (doc. 121) through counsel on May 12, 2004, indicating that the settlement was in the process of being reduced to writing.

Based on this representation, the Court entered an order on June 1, 2004 (doc. 123) dismissing the case but retaining jurisdiction for sixty days, during which any party could move to reopen the case for good cause shown. Apparently the parties were unable to successfully finalize their settlement agreement, because on December 20, 2004, Defendants sent a letter (doc. 127, exh. A) to Plaintiffs indicating that the Defendants were withdrawing their agreement and their offer to settle the case. Based on this correspondence, Plaintiffs moved to reopen the case on January 24, 2005 (doc. 127). As more

than sixty days had elapsed since the order of dismissal, the Court denied the motion (doc. 129).  Plaintiff now asks the Court for relief from that order under Florida Rule of Civil Procedure 60(b).

**CURRENT STATUS:**

Plaintiff now possesses a final judgment of record against Defendants but is in need of further direction from the Court before executing on that judgment. Specifically, Plaintiff requests this Court to "grant relief from the June 1, 2004 Order and the February 4, 2005 Order and rule upon the outstanding motions filed by the Plaintiff and amend the Final Judgment to clarify that because the corporate veil was pierced, it is joint and several among all Defendants, to delineate the specific amount of the monetary judgment, and to award reasonable attorneys' fees and costs as a prevailing party and pursuant to law."

The Court finds good reason under Florida Rule of Civil Procedure 60(b) to grant relief from the previous orders dismissing the case.  It is apparent that the parties mistakenly believed they had agreed to a settlement; the realization of such error is sufficient cause under Rule 60(b) to grant relief.  *E.g.*, 4:20 Comm., Inc. v. The Paradigm Co., 336 F.3d 775, 779 (8th Cir. 2003)(citing MIF Realty L.P. v. Rochester Assocs., 92 F.3d 752, 755-57 (8th Cir.1996)).  To do justice, the case must be reopened and permitted to proceed.

**DISCUSSION:**

As to the details of the Court's previous judgment (doc. 111), the Court finds that the total amount owed to Plaintiff is $448,038.58, inclusive of interest. This figure is derived from Exhibit A of the complaint (doc. 1). Exhibit A is a spreadsheet spanning dates from April 1, 1997[1] through December 31, 2001, showing accounts receivable from Defendants. The spreadsheet contains columns for daily and cumulative principal and interest balances, and the rightmost column shows the total balance due each day. On March 10, 2001, the cumulative balance, including $10,583.18 in interest, was $448,038.58.

Because the Court previously found that the individual members of the Baggett family served merely as alter egos of Baggett Brothers Farm, Inc. and that the corporate veil must be pierced, that $448,038.58 liability is properly imposed on individual stockholders, directors, officers and manipulators. *See* American Mortg. & Safe Deposit Co. v. Rubin, 168 So. 2d 777, 782 (Fla. 3d DCA 1964).

Finally, as to the amount of attorney fees, the Court has reserved jurisdiction to award fees and costs as provided by law. A briefing schedule on the matter shall be set forth by separate order.

Accordingly, it is

---

[1] The date of April 11, 1997 in the judgment is a scrivener's error–April 1, 1997 is the correct date.

**ORDERED AND ADJUDGED** as follows:

1. The motion for relief from orders (doc. 130) is hereby *granted*.

2. This case is reopened.

3. The clerk shall prepare an amended judgment to include the following:

   a. Defendants are liable to Plaintiff in the amount of **$448,038.58**, representing monies owed for debts incurred between April 1, 1997 and March 10, 2001. This amount includes $10,583.18 in interest.

   b. As the corporate veil has been pierced, the liability is apportioned jointly and severally among all Defendants in this case.

   c. The Lease Agreement is a nullity and consequently unenforceable.

   d. The Security Agreement signed February 5, 1998 must be foreclosed, and Plaintiff retains a security interest in the collateral outlined therein.

   e. Attorney fees and costs shall be awarded as allowed by law.

**DONE AND ORDERED** this <u>sixth</u> day of May, 2005.

                *s/ Stephan P. Mickle*
                Stephan P. Mickle
                United States District Judge

/pao