IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AGRICULTURAL SERVICES AND
INVESTMENTS, INC., f/k/a F&W
AGRISERVICES, INC.,

    Plaintiff/Counter-Defendant,

vs.                                                      5:02-CV-080-SPM

BAGGETT BROTHERS FARM, INC.,
*et al.*,

    Defendants/Counter-Claimaints.
_____/

### ORDER OVERRULING OBJECTION TO TAKING DEPOSITION IN AID OF EXECUTION AND DENYING MOTION FOR STAY OF EXECUTION

**THIS CAUSE** comes before the Court upon Defendants' "Objection to Notice of Taking Deposition in Aid of Execution and in the Alternative Defendants' Motion for Stay of Execution" (doc. 142) filed August 17, 2005 and Plaintiff's response (doc. 143) filed August 22, 2005.  On May 6, 2005, this Court entered an order directing the clerk to enter judgment for Plaintiffs (doc. 131).

Although the only mention made of depositions is in the title of the motion, Plaintiffs appear to be utilizing Federal Rule of Civil Procedure 69(a), which

permits discovery in aid of a judgment or execution.[1] Defendants apparently object to this discovery because the judgment does not contain the magic phrase "for which let execution issue." This language is not essential to the validity of a judgment, and there is no language in the Florida statutes requiring such language. Chan v. Brunswick Corp., 388 So. 2d 274, 275 (4th DCA 1980). The Court's order is final, as no further judicial labor remains to be completed. "Where nothing further remains to be done to fully effectuate termination of the cause between the parties directly affected except enforcement by execution or otherwise, the judgment may be said to be final." Id. (citing Hotel Roosevelt Co. v. City of Jacksonville, 192 So. 2d 334 (Fla. 1st DCA 1966); Hensley v. Palmer, 59 So. 2d 851 (Fla.1952)).

Alternatively, Defendants request that the execution of judgment be stayed pending appeal. Federal Rule of Civil Procedure 62 addresses the issue of staying proceedings to enforce a judgment. Rule 62(d) provides as follows:

> When an appeal is taken, the appellant, by giving a supersedeas bond, may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

*Fed. R. Civ. P.* 62(d).

---

[1] Rule 69(a) also decrees that execution procedures shall be in accordance with state law. Florida Rule of Civil Procedure 1.560 specifically provides for limited discovery when executing a judgment.

Judgment can be executed while an appeal is pending unless a stay has been granted. *See* In re Federal Facilities Realty Trust, 227 F.2d 651 (7th Cir. 1955). A judgment debtor is thus not protected from discovery during an appeal unless a supersedeas bond has been posted. *See generally* Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp., 147 F.R.D. 125 (N.D. Tex. 1992).

No specific bond amount is set in Rule 62(d), but this rule has been read consistently with its predecessor, Rule 73(d), which directed that the amount of the bond include "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond." Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (11th Cir. 1979)(citations omitted).

No local rule of this Court addresses a specific amount that should be posted on a supersedeas bond. Other courts set amounts ranging from 111% of the judgment amount plus $250 costs (S.D.N.Y. Gen. R. 33) to 120% of the judgment (E.D. La. Loc. R. 62.2) to 125% of the judgment (D. Kan. R. 62.2; W.D. Mo. Loc. R. 8005-1). The Middle District of Florida sets no specific amount, but our sister court in the Southern District of Florida sets the amount at 110% of the judgment amount. *S.D. Fla. Loc. R. 62.1(A).*

Considering that the judgment amount in this case ($448,038.58) already includes $10,583.18 in interest, the Court finds that a bond in the amount of

110% of the judgment is sufficient to cover costs of appeal and delay, factors referred to in Rule 62(d).

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The objection to notice of taking deposition (doc. 142) is acknowledged and overruled.

2. The motion to stay execution of judgment (doc. 142) is hereby *denied*.

3. The denial is without prejudice to Defendants' right to submit an application to post bond in the amount of **$492,842.44**, which represents 110% of the judgment amount of $448,038.58.

**DONE AND ORDERED** this first day of September, 2005.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

/pao